UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE OF NEW JERSEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendants,<br><br>and<br><br>METROPOLITAN TRANSPORTATION AUTHORITY, et al.,<br><br>Defendant-Intervenors. | Before: Leo M. Gordon, Judge<br><br>Court No. 2:23-cv-03885 |
| MARK SOKOLICH, in his capacity as the mayor of Fort Lee and a resident of Fort Lee, and RICHARD GALLER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendants. | Court No. 2:23-cv-21728 |

Court Nos. 2:23-cv-03885 and 2:23-cv-21728                                                      Page 2

## **MEMORANDUM and ORDER**

This matter is before the court on motion of the plaintiffs in Sokolich v. U.S. Dep't of Transportation, No. 23-cv-21728,[1] to consolidate their proposed class action with State of New Jersey v. U.S. Dep't of Transportation, No. 23-cv-03885. See Mot. to Consolidate, ECF No. 84; see also Reply in Supp. of Mot. to Consolidate, ECF No. 100.[2] Defendants in both the State of New Jersey action[3] and the Sokolich action[4] oppose the motion. See Federal Defs.' Resp. in Opp'n, ECF No. 93; NY Defs.' Resp. in Opp'n, ECF No. 94. Plaintiff in the State of New Jersey action does not oppose the motion, provided consolidation does not delay resolution of that action. See Letter from Pl. Regarding

---

[1] The Sokolich Plaintiffs are Mark Sokolich, in his capacity as the Mayor of Fort Lee and a resident of Fort Lee, and Richard Galler, individually and on behalf of all others similarly situated.

[2] Unless otherwise specified as filed in the Sokolich action, all citations herein reference filings in the State of New Jersey action.

[3] Defendants consist of the U.S. Department of Transportation, the Federal Highway Administration ("FHWA"), Shailen Bhatt, in his official capacity as Administrator of FHWA, and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA (collectively, the "Federal Defendants").

[4] In addition to the aforementioned parties, Defendants in the Sokolich action include the Metropolitan Transportation Authority ("MTA"), John Janno Lieber, in his official capacity as Chair and CEO of the MTA, the Triborough Bridge and Tunnel Authority ("TBTA"), Catherine T. Sheridan, in her official capacity as President of the TBTA, the Traffic Mobility Review Board ("TMRB"), and Carl Weisbrod, in his capacity as Chair of the TMRB (collectively, the "NY Defendants"). The MTA and the TBTA also intervened as Defendant-Intervenors in the State of New Jersey action. See Order Granting Intervention, ECF No. 38.

Consolidation, ECF No. 92. For the reasons set forth below, the motion to consolidate will be denied.

Federal Rule of Civil Procedure 42(a)(2) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." In deciding whether to consolidate, the court must also consider "the potential for new delays, expense, confusion or prejudice." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 176 (D.N.J. 2008). The court has "broad discretion" in this regard. United States v. Schiff, 602 F.3d 152, 176 (3d Cir. 2010).

The State of New Jersey action involves a challenge to the FHWA's Finding of No Significant Impact pursuant to the National Environmental Policy Act ("NEPA") in connection with the Central Business District Tolling Program. Compl., ECF No. 1. Plaintiff alleges violations of NEPA, the Administrative Procedure Act, and the Clean Air Act. Id. ¶¶ 123–71. This matter is to be resolved on the basis of the administrative record, and briefing on cross-motions for summary judgment has concluded. See, e.g., Notice of Lodging of Admin. Record, ECF No. 50; Pl.'s Opp'n to Cross-Mots. And Reply in Support of Mot. for Summ. J., ECF No. 86; Defs.' Reply Br. in Support of Cross-Mot. for Summ. J., ECF No. 97; Def.-Intervenors' Reply Br. in Support of Cross-Mot. for Summ. J., ECF No. 98. In contrast, the Sokolich Plaintiffs filed a putative class action complaint in which they adopt and incorporate by reference the allegations in the State of New Jersey action but seek additional remedies and relief for two separate classes. Sokolich Compl. ¶¶ 5, 54–64, ECF No. 6. Defendants' response to the Sokolich complaint is not

Court Nos. 2:23-cv-03885 and 2:23-cv-21728 Page 4

due until February 15, 2024, and they have represented their intent to seek dismissal of the action.  See Federal Defs.' Resp. in Opp'n at 2.

The possibility of delay, confusion, or prejudice disfavors consolidation.  See Doug Brady, Inc., 250 F.R.D. at 176.  Though the actions involve similar claims, they seek different remedies and reflect different procedural postures.  Cf. Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 102 (3d Cir. 2015) (concluding that district court acted within its discretion when it declined to consolidate actions at "vastly different stages").  The movant's concern regarding "divergent outcomes" with respect to similar claims, see Mot. to Consolidate at 4, is alleviated in light of the assignment of both actions to the undersigned.

Accordingly, it is hereby

**ORDERED** that the Sokolich Plaintiffs' motion to consolidate is denied.

/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: February 8, 2024
         Newark, New Jersey