# SIVE | PAGET | RIESEL

**DAN CHOROST**
DIRECT DIAL: 646.378.7207
DCHOROST@SPRLAW.COM

January 10, 2025

**VIA ECF**

The Honorable Leo M. Gordon
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

Re:   *State of New Jersey v. U.S. Dep't of Transp., et al.*, No. 23-cv-03885 (LMG) (LDW)
      *Sokolich et al. v. U.S. Dep't of Transp., et al.*, No. 23-cv-21728 (LMG) (LDW)

Dear Judge Gordon:

On behalf of Intervenor-Defendants the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge and Tunnel Authority ("TBTA"), we write to respond to the proposed order to show cause ("OTSC") filed yesterday by the plaintiffs in the above-referenced *Sokolich* action (the "*Sokolich* Plaintiffs"). The OTSC requests that the Court lift its stay of the *Sokolich* action ordered to allow for a resolution of New Jersey's environmental challenge in the above-referenced *State of New Jersey* action to the Environmental Assessment ("EA") for the Central Business District Tolling Program. Because that challenge is the sole substantive basis for the *Sokolich* Plaintiffs' claims, and thus the reason for the stay still obtains, MTA and TBTA oppose the relief requested in the OTSC.

In their Amended Complaint (ECF No. 6[1]), the *Sokolich* Plaintiffs assert claims identical to New Jersey's under the National Environmental Policy Act and Clean Air Act and seek injunctive relief and medical monitoring. *See* ECF No. 58 (Court noting that Plaintiffs' "putative class action complaint . . . incorporate[s] by reference the allegations in the *State of New Jersey* action but seek[s] additional remedies and relief for two separate classes."). On February 13, 2024, the Court ordered that "all further proceedings" in the *Sokolich* action "are stayed until 30 days after the final resolution of the cross-motions for summary judgment by the court in *State of New Jersey v. U.S. Dep't of Transp.*, Court No. 23-cv-03885." ECF No. 61 (emphasis added).

Nothing has changed to warrant lifting the stay. On December 30, 2024, the Court issued a decision in *State of New Jersey* regarding the cross-motions for summary judgment which, as the Court subsequently articulated, "explains in detail why [New Jersey's] challenges to the program lack merit and granted a limited remand for further explanation on two narrow issues but otherwise sustained the underlying administrative analysis." *See* Jan. 3, 2025 Transcript ("Tr.") at 60:18–

---

[1] ECF numbers in this letter refer to the *Sokolich* docket.

The Honorable Leo M. Gordon
January 10, 2025
Page 2 of 3

22.[2]  Because the court reserved decision on two narrow issues, there has been no "final resolution on the cross motions for summary judgment," so there is no reason to lift the stay on the *Sokolich* action.  ECF No. 61.  Unless the Court determines that the FONSI or Final EA is arbitrary and capricious following remand, the *Sokolich* plaintiffs will have no basis for the additional relief they seek.  (MTA and TBTA also contend such relief is unavailable in a NEPA challenge, but that issue need not be decided at this stage.)

The *Sokolich* Plaintiffs also argue that the Court should "lift the stay now" to "set a preliminary conference to review [their] proposed discovery plan." *Id*. at 4.  That too makes no sense.  The Court's December 31, 2024 Opinion outlined a specific timeframe for the limited remand and subsequent briefing, all of which will be complete by February 11, 2025 — just over a month from now.  Rather than complicate these proceedings with a preliminary conference and hypothetical discussions about discovery, the more sensible course is to follow the Court's original order and await final resolution in the *State of New Jersey* action.  At that point, the Court can determine the need for further proceedings, if any, in the *Sokolich* action.

The *Sokolich* Plaintiffs state that they brought their application on an emergency basis because "there may be appellate deadlines which need to be met" (which they do not identify) and because they "may appear in the pending appeal." Letter Brief at 4.  New Jersey's pending appeal of this Court's January 3, 2025 denial of a temporary restraining order and preliminary injunction provides no reason to lift the stay.  The *Sokolich* Plaintiffs have participated in the *State of New Jersey* action as an amicus.  If they wish to participate in New Jersey's appeal, they could seek amicus status or to intervene.  *See* Fed. R. App. P. 29.  Retaining the stay would not, as the *Sokolich* Plaintiffs claim, result in "two appeals proceeding in parallel," Letter Brief at 2, as the *Sokolich* Plaintiffs do not have an order to appeal in their stayed action and could only participate, if at all, in the appeal New Jersey filed.

Finally, while the *Sokolich* Plaintiffs claim that their application is urgent because "the court has found an invalid FONSI" and they are "suffering irreparable injury as a result of the introduction of congestion pricing," Letter Brief at 2–3, the Court has already "confirm[ed] that its opinion did not vacate the final [Environmental Assessment] or FONSI" and held that New Jersey "has failed to demonstrate a likelihood of irreparable harm" based on the same arguments advanced by the *Sokolich* plaintiffs.  Tr. at 57:23–25, 63:17–20.

In sum, nothing has changed to justify lifting the stay on the *Sokolich* action, much less to do so on an emergency basis.

/s/ Daniel Chorost
Daniel Chorost
Mark A. Chertok*
Elizabeth Knauer*
John F. Nelson*
Phillip Dane Warren*

---

[2] The relevant pages from the transcript of the January 3 hearing are attached as Exhibit A.

The Honorable Leo M. Gordon
January 10, 2025
Page 3 of 3

SIVE, PAGET & RIESEL, P.C.
560 Lexington Avenue, 15th Floor
New York, NY 10022
(212) 421-2150
dchorost@sprlaw.com
mchertok@sprlaw.com
eknauer@sprlaw.com
jnelson@sprlaw.com

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan\*
D. Brandon Trice\*
KAPLAN MARTIN LLP
1133 Avenue of the Americas
Suite 1500
New York, NY 10036
(212) 316-9500
rkaplan@kaplanmartin.com
btrice@kaplanmartin.com

*\*Admitted pro hac vice*